ROLAND v. STATE.

No. A–11995.

Criminal Court of Appeals of Oklahoma.

June 30, 1954.

Odes Harwood, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, Presiding Judge.

James Gilbert Roland was charged by information filed in the district court of Oklahoma County with the crime of forgery in the second degree, was tried before a jury, convicted and the jury being unable to agree upon the punishment to be assessed, left the same to the court, who assessed a penalty of five years confinement in the State Penitentiary, and the costs of prosecution, assessed at $75.85.

Appeal has been perfected to this court. The record was prepared without cost to the defendant, and filed in this court without cost deposit, the defendant claiming to be without funds or any means of obtaining funds.

Counsel for the defendant has filed a brief wherein it is stated:

"It is the contention of the attorney for the plaintiff in error that the penalty is excessive, five years, for second degree forgery under the circumstances and therefore the penalty should be mitigated. There are many cases supporting this of which the court is aware. It is also the contention of the plaintiff in error that the facts presented by the state of Oklahoma were insufficient to justify a conviction of forgery in the second degree."

This constitutes the sum total of the brief as bearing on the merits of the case.

The evidence admits of but one conclusion, and that being that the defendant was guilty as charged. Defendant had worked for J. F. Austin Supply Company, Oklahoma City, as truck driver and yard man. On Sunday night, January 25, 1953, the office was broken into and a number of blank checks taken from the check book. W. J. Austin, treasurer of the corporation, notified the Liberty National Bank that a number of blank checks having certain numbers had been stolen and that they wanted to stop payment.

E. J. Wyrick testified that the defendant presented a check at his service station at 201 East Grand made out to James Perry for $111 drawn on the Liberty National Bank, Oklahoma City, and signed J. F. Austin Supply Co., a corporation, by W. J. Austin. The defendant had purchased an automobile tire, tube and rim amounting to $32.50 and he gave the difference to defendant in cash. He took the check to the bank and cashed it, but the next day the bank advised him that the check was a stolen check and he gave the bank back $111 and took up the check, which was introduced into evidence. He was positive that the defendant was the person who negotiated the check.

The defendant after being arrested admitted to the two arresting officers and later to other officers at the police station that he had broken into the J. F. Austin Supply Co. office and that he filled in the check there and used a protectograph machine he found in the office and limiting the amount to $111.

The evidence developed that the tire was placed on a car belonging to one Buster Blunt to replace a tire, tube and rim that defendant had ruined while driving Blunt's car. Defendant at trial admitted that much. Blunt swore that on the Monday in question defendant brought the tire, inner tube and rim to his place; that he was accompanied by a filling station man who was in court and identified as witness Wyrick's employee, and who put these items on Blunt's car.

Defendant admitted that he had previously been convicted of forgery and had served a term in the Federal prison at El Reno. He admitted that he had gone under the assumed name of Perry because that was his step-father's name, but said that his true name was James Gilbert Roland. Defendant admitted having worked for the Austin Supply Company, but denied breaking into the office of that company, stealing the blank checks and negotiating one at the Wyrick Service Station. He denied having so admitted to the officers. However, his answers were indicative that he was hedging and not answering in a frank manner.

The evidence was sufficient to have not only supported the charge for which convicted, but burglary as well. In view of defendant's past record for forgery, the sentence imposed was well justified. The punishment might have been

seven years imprisonment instead of five years, as assessed. Tit. 21 O.S.1951 § 1621(2).

The conviction appealed from is affirmed.

JONES and BRETT, JJ., concur.